force or effect as would defeat the vesting of the title in the defendant, that if the title did not so pass to the defendant, inasmuch as he had directed the transportation which had, in pursuance of such direction, been commenced, and had declined to direct the place to which it should be trucked from the depot, a delivery at Salmon Falls to the carrier must be regarded as a delivery to Goddard; that having directed the transportation to commence, he could not, by neglect to designate the place to which it should be completed, or by refusal to receive the goods, interrupt such transportation, and thereupon avoid the responsibility of ownership; that such interruption at the depot was an exercise of ownership, and was in law to be regarded as a delivery. The plaintiffs requested the court to instruct the jury that the paper of 19th of September was a sufficient writing to bind the defendant. They also requested an instruction that the bill of parcels, which represented the defendant as purchaser, by reason of his alleged recognition of, and action under it, must be regarded as a sufficient signature on his part to bind him to the contract therein stated. Also, that the two papers, taken together, constituted one contract, and, so regarded, were sufficient to answer the purpose of the statute, which requires a note of the contract to be in writing. The plaintiffs also submitted that the acts of the parties constituted a delivery to, and acceptance of, the property by the defendant, so as thereby to render a written memorandum unnecessary. If not so as matter of law, these acts were competent to go to the jury, and were sufficient to authorize them to find such delivery and acceptance. They also requested the court to instruct the jury that the defendant, by his conduct, was estopped to say that the property had not been delivered to and accepted by him; that he was estopped to say that the property was not at his risk. There was no proof that the defendant ever requested a delivery of the 100 cases which were offered to him by letter on 16th November; no proof that he ever said to the plaintiffs or their agents in what ship he intended to send his goods, or at which place he wished a delivery. The defendant resisted all these grounds upon which the plaintiffs sought to recover. The court directed the jury to return a verdict for the defendant, giving the reasons at length. In substance, the court considered the paper of 19th September as insufficient, because it did not disclose who was vendor or vendee, what the price or the terms; that the bill of parcels was made by a clerk of Mason & Lawrence, and not by the agent of the defendant; that he did not profess to act for the defendant; that the defendant had not by any writing recognized the paper; that the acts and declarations of the defendant in relation thereto did not amount to a legal recognition of the paper, to an extent sufficient to bind him; that a paper not signed by a party, or by his agent, must be adopted by some writing, to make it available; that the two papers were not to be regarded as a compliance with the statute, although it was assumed they related to the same transaction, because they did not refer to each other; they did not call one for the other.

THE COURT also held that the acts in proof did not, in law, constitute a delivery and acceptance of the goods; that it was not competent for the jury, from the facts in proof, to infer such delivery and acceptance; that the defendant was not estopped by his conduct to say the goods did not belong to him, and were not at his risk at the time they were destroyed. To all these rulings of the court the plaintiffs excepted. Under the direction of the court, the jury returned a pro forma verdict for the defendant that "he did not promise, in manner and form as set forth in the plaintiffs' writ and declaration."

The counsel for the plaintiffs gave notice that they should file exceptions, for the purpose of bringing the case before the U. S. supreme court at Washington.

[NOTE. The cause was therefore taken to the supreme court, where the judgment of this court was reversed, and the proceedings remitted, with directions to award a venire de novo. 14 How. (55 U. S.) 446.]

## Case No. 12,264.

SALMON FALLS MANUF'G CO. v. GODDARD.

[See Case No. 12,263.]

## Case No. 12,265.

SALMON FALLS MANUF'G CO. v. The TANGIER.

[21 Law Rep. 6; 6 Am. Law Reg. 504; 42 Hunt, Mer. Mag. 453.]

Circuit Court, D. Massachusetts. May Term, 1857.

SHIPPING—CARRIERS OF GOODS—DELIVERY—FAST DAY—NOTICE—FIRE—DAMAGE OF SEAS.

1. To constitute a delivery by the master, of goods brought in a vessel from a port in another state to the port of Boston, under the ordinary bill of lading, mere unlivery of the goods and landing them on the wharf is not sufficient; there must also be reasonable notice to the consignee, allowing him time to make the usual and necessary preparations to receive the goods. And it is no delivery to unlade the goods at an unusual time. Thus, where, by the usage of a port, consignees are not in the habit of receiving goods on the day of the annual fast, a notice by the master to the consignee that he shall unload the goods on that day, will not bind the consignee to receive them; and where goods were so unladen, and not accepted or received by the consignee, and were, on the same day, destroyed by fire on the wharf: *Held*, that the loss must fall upon the carrier.

[Cited in The E. H. Fittler, Case No. 4,311; The Edwin, Id. 4,300; The Boston, Id. 1,-671; One Thousand Two Hundred and Sixty-five Vitrified Pipes, Id. 10,536; The Williams, Id. 17,710. Cited in dissenting opinion in Constable v. National Steamship Co., 154 U. S. 92, 14 Sup. Ct. 1078.]